UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>Cornerstone Capital Management, LLC and Joseph T. Profit II<br><br>Defendants. | ) | CASE NO. 07-CV-0274 Story<br><br>Consent Order of Preliminary Injunction with Asset Freeze |

Plaintiff, the Commodity Futures Trading Commission ("Commission"), and Defendant Joseph T. Profit II ("Profit") individually, and on behalf of Defendant Cornerstone Capital Management, LLC ("Cornerstone") have consented to the entry of this Order for Preliminary Injunction with Asset Freeze ("Order") without an adjudication of the merits on any issue of fact or law, without waiving any privilege under the Fifth Amendment to the United States Constitution, and without admitting or denying the allegations of the Complaint filed in this action except as to venue and the Court's personal jurisdiction over Defendants which venue and personal jurisdiction Defendants admit. The Court having considered all pleadings, memoranda, declarations, and other exhibits filed with the Court, and now being fully advised in the premises, finds:

1. This Court has jurisdiction over the subject matter of this case pursuant to Section 6c of the Commodity Exchange Act, 7 U.S.C. § 13a-1 (2001) and it also has jurisdiction over Defendants Profit and Cornerstone.

2. There is good cause to believe that Defendants have engaged in, are engaging in or are about to engage in: fraud in violation of Section 4*o*(1) of the Commodity Exchange Act, as amended ("CEA"), 7 U.S.C. § 6*o*(1); willful concealment of material information from the National Futures Association ("NFA") in violation of Section 9(a)(4) of the CEA, 7 U.S.C. §13(a)(4) (2002); and failure to submit required annual reports to the NFA in violation of Commission Regulation 4.22(c), 17 C.F.R. § 4.22(c) (2004).

3. There is substantial likelihood that, absent the continuation of the asset freeze, Defendants will conceal, dissipate or otherwise divert his assets, thereby defeating the possibility of effective final relief in the form of equitable monetary relief for investors.

4. Absent a preliminary injunction, there is reasonable likelihood that Defendants' violations of the Commodity Exchange Act will be repeated. There is no just reason for delay in entering this Order.

## DEFINITIONS

For the purposes of this Order, the following definitions apply:

1. "Assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, including but not limited to chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, receivables, contracts, insurance policies, and all cash, wherever located, whether in the United States or abroad.

2. The term "document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes, but is not limited to, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

3. "Defendants" means Defendants Joseph T. Profit II ("Profit") and Cornerstone Capital Management, LLC ("Cornerstone") and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with Profit or Cornerstone.

## RELIEF GRANTED

### *Prohibited Conduct*

### I.

**IT IS HEREBY ORDERED** that Defendants are restrained and enjoined from violating Section 4*o*(1) of the CEA, 7 U.S.C. § 6*o*(1), by directly or indirectly employing a device, scheme, or artifice to defraud commodity pool participants, or engaging in transactions, practices or a course of business which operated as a fraud or deceit upon commodity pool participants.

### II.

**IT IS FURTHER ORDERED** that Defendants are restrained and enjoined from violating Section 9(a)(4) of the CEA, 7 U.S.C. § 13(a)(4) by willfully concealing material information from a registered futures association acting in furtherance of its duties.

### III.

**IT IS FURTHER ORDERED** that Defendants are restrained and enjoined from violating Commission Regulation 4.22(c), 17 C.F.R. § 4.22(c) (2004) by failing to submit required annual reports to the National Futures Association.

IV.

**IT IS FURTHER ORDERED** that Defendants are restrained and enjoined from directly or indirectly soliciting or accepting any new customers for commodity futures or commodity options trading or soliciting or accepting any funds from existing customers.

***Continued Force and Effect of January 31, 2007 SRO***

V.

**IT IS FURTHER ORDERED** that the mandates of the Statutory Restraining Order ("SRO") dated January 31, 2007 shall continue with respect to Defendants pending further order of this Court. Specifically, Defendants shall abide by all obligations of the SRO pertaining to the: (1) asset freeze, (2) directives to financial institutions and others, (3) accounting, (4) maintenance and access to business records of the Defendants, and (6) inspection and copying of books and records of the Defendants. The asset freeze applies to all assets under the control of a Defendant including but not limited to all assets of Cornerstone Icon Fund, Ltd., Cornerstone Icon Fund, LP, and Cornerstone Brokerage Services, Inc. The asset freeze does not apply to wages and earnings obtained by Defendant Profit from legitimate legal employment unrelated to the conduct set forth in the complaint after the entry of this Order.

VI

**IT IS FURTHER ORDERED** that upon entry of this Order Defendants shall provide a signed copy of the attached *Consent To Release Of Financial Records* to the Plaintiff and Receiver.

***Lifting of the Seal***

VII

**IT IS FURTHER ORDERED** that the January 31, 2007 Ex Parte Order Temporarily Sealing Entire File is vacated and the seal in this case is hereby lifted.

*Service of Order*

**VII.**

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of any Defendant that may be subject to any provision of this Order.

*Service on the Commission*

**VIII.**

**IT IS FURTHER ORDERED** that Defendants shall serve all pleadings, correspondence, notices required by this Order, and other materials on the Commission by delivering a copy to Lael Campbell, Trial Attorney, Division of Enforcement, Commodity Futures Trading Commission, 1155 21st Street, N.W., Washington, D.C. 20581.

*Force and Effect*

**IX.**

**IT IS FURTHER ORDERED** that this Order shall remain in full force and effect until further order of this Court, and that this Court retains jurisdiction of this matter for all purposes.

Joseph T. Profit II, individually

Joseph T. Profit II, on behalf of Cornerstone Capital Management, LLC,
as CEO and controlling person

Date: 02/06/07

Lael Campbell, Trial Attorney
U.S. Commodity Futures Trading Commission

Date: 2/6/07

**SO ORDERED**, at Atlanta, Georgia on this 7th day of Feb., 2007, at 10:00a.m.

UNITED STATES DISTRICT JUDGE

# CONSENT TO RELEASE OF FINANCIAL RECORDS

I, ______________________, do hereby direct any bank or trust company at which I have a bank account of any kind upon which I am authorized to draw, and its officers, employees and agents, to disclose all information and deliver copies of all documents of every nature in your possession or control which relate to said bank accounts to any attorney of the Commodity Futures Trading Commission or agent of Hays Financial Consulting LLC, and to give evidence relevant thereto, in the matter of Commodity Futures Trading Commission v. Cornerstone Capital Management, LLC and Joseph T. Profit II, case number 07-0274, now pending before the United States District Court for the Northern District of Georgia, and this shall be irrevocable authority for so doing. This direction is intended to apply to the laws of countries other than the United States which restrict or prohibit the disclosure or bank information without the consent of the holder of the account, and shall be construed as consent with respect thereto, and the same shall apply to any of the bank accounts for which I may be a relevant principal.

Dated: 02/06, 2007

[signature]
Joseph T. Profit, individually and on behalf of Cornerstone Capital Management