FILED IN CHAMBERS
U.S.D.C. Atlanta

AUG 30 2012

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> CORNERSTONE CAPITAL MANAGEMENT, LLC and JOSEPH T. PROFIT II <br><br> Defendants. | CASE NO.: 1:07-CV-00274-RWS |

### SUPPLEMENTAL CONSENT ORDER ASSESSING RESTITUTION AGAINST DEFENDANTS CORNERSTONE CAPITAL MANAGEMENT, LLC AND JOSEPH T. PROFIT II AND A CIVIL MONETARY PENALTY AGAINST DEFENDANT JOSEPH T. PROFIT II

### I. BACKGROUND

On January 31, 2007, Plaintiff U.S. Commodity Futures Trading Commission (the "Commission" or "CFTC") filed a *Complaint for Injunctive and Other Equitable Relief, and for Civil Monetary Penalties Under the Commodity Exchange Act* ("Complaint") against Cornerstone Capital Management, LLC ("Cornerstone") and Joseph T. Profit II ("Profit") (collectively, "Defendants") for violations of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. §§ 1 *et*

1

*seq.*,[1] and the Commission Regulations ("Regulations") promulgated thereunder, 17 C.F.R. §§ 1.1 *et seq.*

The Court entered a *Consent Order of Permanent Injunction and Ancillary Equitable Relief* ("Consent Order") against Defendants on November 7, 2007.

## II.   CONSENTS AND AGREEMENTS

To resolve the remaining issues of the amounts of restitution and civil monetary penalty (as provided in the Consent Order), without any further judicial proceedings, Defendants:

1.   Consent to the entry of this *Supplemental Consent Order Assessing Restitution Against Defendants Cornerstone Capital Management, LLC and Joseph T. Profit II and a Civil Monetary Penalty Against Defendant Joseph T. Profit II* ("Supplemental Consent Order");

2.   Affirm that they have read and agreed to this Supplemental Consent Order voluntarily, and that no promise, other than as specifically contained herein, or threat, has been made by the Commission or any member, officer, agent or

---

[1]   Subsequent to the filing of the complaint in this case, the Act was amended by the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010 ("Dodd-Frank Act"), Pub. L. No. 111-203, Title VII (the Wall Street Transparency and Accountability Act of 2010), §§ 701-774, 124 Stat. 1376 (enacted July 21, 2010), to be codified at 7 U.S.C. §§ 1 *et seq.* Defendants' misconduct predates the enactment of the Dodd-Frank Act.

representative thereof, or by any other person, to induce consent to this Supplemental Consent Order;

3. Acknowledge service of the summons and Complaint;

4. Admit the jurisdiction of this Court over them and the subject matter of this action pursuant to Section 6c of the Act, as amended, 7 U.S.C. § 13a-1;

5. Admit the jurisdiction of the Commission over the conduct and transactions at issue in this action pursuant to the Act, 7 U.S.C. §§ 1, *et seq.*;

6. Admit that venue properly lies with this Court pursuant to Section 6c(e) of the Act, as amended, 7 U.S.C. § 13a-1(e);

7. Waive:

(a) any and all claims that they may possess under the Equal Access to Justice Act, 5 U.S.C. § 504 (2006) and 28 U.S.C. § 2412 (2006), and/or the rules promulgated by the Commission in conformity therewith, Part 148 of the Regulations, 17 C.F.R. §§ 148.1 *et seq.* (2011), relating to, or arising from, this action;

(b) any and all claims that they may possess under the Small Business Regulatory Enforcement Fairness Act of 1996, Pub. L. No. 104-121, §§ 201-253, 110 Stat. 847, 857-868 (1996), as amended by Pub. L. No. 110-28, § 8302, 121 Stat. 112, 204-205 (2007), relating to, or arising from, this action;

(c) any claim of Double Jeopardy based upon the institution of this action or the entry in this action of any order imposing a civil monetary penalty or any other relief, including this Supplemental Consent Order; and

(d) any and all rights of appeal from this action;

8. Consent to the continued jurisdiction of this Court over them for the purpose of enforcing the terms and conditions of the Permanent Injunction and Supplemental Consent Order and for any other purpose relevant to this action even if Defendants now or in the future reside outside the jurisdiction of this Court;

9. Agree that they will not oppose enforcement of this Supplemental Consent Order by alleging that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure and waives any objection based thereon;

10. Agree that neither they nor any of their agents or employees under their authority or control shall take any action or make any public statement denying, directly or indirectly, any allegation in the Complaint or the Findings of Fact or Conclusions of Law in this Supplemental Consent Order, or creating or tending to create the impression that the Complaint, the Consent Order, and/or this Supplemental Consent Order is without a factual basis; provided, however, that nothing in this provision shall affect their: (a) testimonial obligations, or (b) right to take legal positions in other proceedings to which the Commission is not a party. Defendants shall undertake all steps necessary to ensure that their agents or

4

employees under their authority or control understand and comply with this agreement; and

11. By consenting to the entry of this Supplemental Consent Order, neither admit nor deny the allegations of the Complaint or the Findings of Fact and Conclusions of Law in this Supplemental Consent Order, except as to jurisdiction and venue, which they admit. Further, Defendants agree and intend that the allegations contained in the Complaint and all of the Findings of Fact and Conclusions of Law contained in this Supplemental Consent Order shall be taken as true and correct and be given preclusive effect, without further proof, in the course of: (a) any current or subsequent bankruptcy proceeding filed by, on behalf of, or against Defendants; (b) any proceeding pursuant to Section 8a of the Act, as amended, 7 U.S.C. § 12a, and/or Part 3 of the Regulations, 17 C.F.R. §§ 3.1 *et seq.* (2012); and/or (c) any proceeding to enforce the terms of this Supplemental Consent Order.

12. Agree to provide immediate notice to this Court and the Commission by certified mail, in the manner required by paragraph 28 of Part V of this Supplemental Consent Order, of any bankruptcy proceeding filed by, on behalf of, or against them, whether inside or outside the United States; and

13. Agree that no provision of this Supplemental Consent Order shall in any way limit or impair the ability of any other person or entity to seek any legal or

equitable remedy against them in any other proceeding. The Court, being fully advised in the premises, finds there is good cause for entry of this Supplemental Consent Order and that there is no just reason for delay.

### III.  FINDINGS AND CONCLUSIONS

14.  The Findings of Fact and Conclusions of Law contained in the Consent Order are incorporated herein by reference and given preclusive effect as provided in the Permanent Injunction.

### IV.  RESTITUTION AND CIVIL MONETARY PENALTY

IT IS HEREBY ORDERED that Defendants shall comply fully with the following terms, conditions, and obligations relating to the payment of restitution and civil monetary penalty:

**A. Restitution**

15.  Defendants shall pay, jointly and severally, restitution in the amount of One Million Twenty-Seven Thousand Seven Hundred and Sixty-Two Dollars and Eighty-Five Cents ($1,027,762.85) ("Restitution Obligation"), plus post-judgment interest, within thirty (30) days of the date of the entry of this Supplemental Consent Order. If the Restitution Obligation is not paid in full within thirty (30) days of the date of entry of this Supplemental Consent Order, then post-judgment interest shall accrue on the Restitution Obligation beginning on the date of entry of this Supplemental Consent Order and shall be determined by

using the Treasury Bill rate prevailing on the date of entry of this Supplemental Consent Order pursuant to 28 U.S.C. § 1961 (2006).

16. To effect payment of the Restitution Obligation and the distribution of any restitution payments to Defendants' investors, the Court appoints the National Futures Association ("NFA") as Monitor ("Monitor"). The Monitor shall collect restitution payments from Defendants and make distributions as set forth below. Because the Monitor is acting as an officer of this Court in performing these services, NFA shall not be liable for any action or inaction arising from NFA's appointment as Monitor, other than actions involving fraud.

17. Defendants shall make Restitution Obligation payments under this Supplemental Consent Order to the Monitor in the name "CORNERSTONE CAPITAL MANAGEMENT, LLC and JOSEPH T. PROFIT II Fund" and shall send such Restitution Obligation payments by electronic funds transfer, or by U.S. postal money order, certified check, bank cashier's, or bank money order, to the Office of Administration, National Futures Association, 300 South Riverside Plaza, Suite 1800, Chicago, Illinois 60606, under cover letter that identifies the paying Defendants and the name and docket number of this proceeding. Defendants shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

18. The Monitor shall oversee the Restitution Obligation and shall have the discretion to determine the manner of distribution of such funds in an equitable fashion to Defendants' investors identified by the Receiver or may defer distribution until such time as the Monitor deems appropriate. In the event that the amount of Restitution Obligation payments to the Monitor are of a *de minimis* nature such that the Monitor determines that the administrative cost of making a distribution to eligible investors is impractical, the Monitor may, in its discretion, treat such restitution payments as civil monetary penalty payments, which the Monitor shall forward to the Commission following the instructions for civil monetary penalty payments set forth in Part B below.

19. Defendants shall cooperate with the Monitor as appropriate to provide such information as the Monitor deems necessary and appropriate to identify Defendants' investors to whom the Monitor, in its sole discretion, may determine to include in any plan for distribution of any Restitution Obligation payments. Defendants shall execute any documents necessary to release funds that they have in any repository, bank, investment or other financial institution, wherever located, in order to make partial or total payment toward the Restitution Obligation.

20. The Monitor shall provide the Commission at the beginning of each calendar year with a report detailing the disbursement of funds to Defendants' investors during the previous year. The Monitor shall transmit this report under a

cover letter that identifies the name and docket number of this proceeding to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

21. The amounts payable to each investor shall not limit the ability of any investor from proving that a greater amount is owed from Defendants or any other person or entity, and nothing herein shall be construed in any way to limit or abridge the rights of any investor that exist under state or common law.

22. Pursuant to Rule 71 of the Federal Rules of Civil Procedure, each investor of Defendants who suffered a loss is explicitly made an intended third-party beneficiary of this Supplemental Consent Order and may seek to enforce obedience of this Supplemental Consent Order to obtain satisfaction of any portion of the restitution that has not been paid by Defendants to ensure continued compliance with any provision of this Supplemental Consent Order and to hold Defendants in contempt for any violations of any provision of this Supplemental Consent Order.

23. To the extent that any funds accrue to the U.S. Treasury for satisfaction of Defendants' Restitution Obligation, such funds shall be transferred to the Monitor for disbursement in accordance with the procedures set forth above.

## B. Civil Monetary Penalty

24.     Profit shall pay a civil monetary penalty in the amount of One Million Four Hundred Thirty Thousand Seven Hundred and Sixty-Two Dollars and Eighty-Five Cents ($1,430,762.85) ("CMP Obligation"), plus post-judgment interest, within thirty (30) days of the date of the entry of this Supplemental Consent Order. Post-judgment interest shall accrue on the CMP Obligation beginning on the date of entry of this Supplemental Consent Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Supplemental Consent Order pursuant to 28 U.S.C. § 1961 (2006).

25.     Profit shall pay his CMP Obligation by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made other than by electronic funds transfer, then the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

>    Commodity Futures Trading Commission
>    Division of Enforcement
>    ATTN: Accounts Receivables – AMZ 340
>    E-mail Box: 9-AMC-AMZ-AR-CFTC
>    DOT/FAA/MMAC
>    6500 S. MacArthur Blvd.
>    Oklahoma City, OK 73169
>    Telephone: (405) 954-5644

If payment by electronic funds transfer is chosen, Profit shall contact Linda Zurhorst or her successor at the address above to receive payment instructions and

shall fully comply with those instructions. Profit shall accompany payment of the CMP Obligation with a cover letter that identifies Profit and the name and docket number of this proceeding. Profit shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

### C. Provisions Related to Monetary Sanctions

26. Partial Satisfaction: Any acceptance by the Commission/CFTC or the Monitor of partial payment of Defendants' Restitution Obligation or Profit's CMP Obligation shall not be deemed a waiver of their obligation to make further payments pursuant to this Supplemental Consent Order, or a waiver of the Commission's right to seek to compel payment of any remaining balance.

### D. Cooperation

27. Defendants shall cooperate fully and expeditiously with the Commission, including the Commission's Division of Enforcement, and any other governmental agency in this action, and in any investigation, civil litigation, or administrative matter related to the subject matter of this action or any current or future Commission investigation related thereto.

## V. MISCELLANEOUS PROVISIONS

28. <u>Notices</u>: All notices required to be given by any provision in this Supplemental Consent Order shall be sent certified mail, return receipt requested, as follows:

<u>Notice to the Commission</u>:

> U.S. Commodity Futures Trading Commission
> Division of Enforcement
> <u>Attention</u>:
>     David Meister, Director
>     Paul Hayeck, Associate Director
> Three Lafayette Centre
> 1155 21st Street, N.W.
> Washington, DC 20581

<u>Notice to Defendants</u>:

> Cornerstone Capital Management, LLC
> Joseph T. Profit II
> 3650 Ashford Dunwoody Road
> Unit 928
> Atlanta, Georgia  30319

All such notices to the Commission shall reference the name and docket number of this action.

29. <u>Change of Address/Phone</u>: Until such time as Defendants satisfy in full their Restitution Obligation and Profit satisfies his CMP Obligation as set forth in this Supplemental Consent Order, Defendants shall provide written notice to the Commission by certified mail of any change to their telephone number and mailing address within ten (10) calendar days of the change.

30. <u>Entire Agreement and Amendments</u>: This Supplemental Consent Order and the Consent Order incorporate all of the terms and conditions of the settlement among the parties hereto to date. Nothing shall serve to amend or modify this Supplemental Consent Order or the Consent Order in any respect whatsoever, unless: (a) reduced to writing; (b) signed by all parties hereto; and (c) approved by order of this Court.

31. <u>Invalidation</u>: If any provision of this Supplemental Consent Order or if the application of any provision or circumstance is held invalid, then the remainder of this Supplemental Consent Order and the application of the provision to any other person or circumstance shall not be affected by the holding.

32. <u>Waiver</u>: The failure of any party to this Supplemental Consent Order or of any investor at any time to require performance of any provision of this Supplemental Consent Order shall in no manner affect the right of the party or investor at a later time to enforce the same or any other provision of this Supplemental Consent Order. No waiver in one or more instances of the breach of any provision contained in this Supplemental Consent Order shall be deemed to be or construed as a further or continuing waiver of such breach or waiver of the breach of any other provision of this Supplemental Consent Order.

33. <u>Acknowledgements</u>: Upon being served with copies of this Supplemental Consent Order after entry by the Court, Defendants shall sign

13

acknowledgements of such service and serve such acknowledgements on the Court and the Commission within seven calendar days.

34. <u>Continuing Jurisdiction of this Court</u>: This Court shall retain jurisdiction of this action to ensure compliance with this Supplemental Consent Order and the Consent Order and for all other purposes related to this action, including any motion by Defendants to modify or for relief from the terms of this Supplemental Consent Order.

35. <u>Injunctive and Equitable Relief Provisions</u>: The injunctive and equitable relief provisions of this Supplemental Consent Order shall be binding upon Defendants, upon any person under their authority or control, and upon any person who receives actual notice of this Supplemental Consent Order, by personal service, e-mail, facsimile or otherwise insofar as he or she is acting in active concert or participation with Defendants.

36. <u>Authority</u>: Profit hereby warrants that he is the CEO of Cornerstone, and that this Supplemental Consent Order has been duly authorized by Cornerstone, and he has been duly empowered to sign and submit this Supplemental Consent Order on behalf of Cornerstone.

37. <u>Counterparts and Facsimile Execution</u>: This Supplemental Consent Order may be executed in two or more counterparts, all of which shall be considered one and the same agreement and shall become effective when one or

more counterparts have been signed by each of the parties hereto and delivered (by facsimile, e-mail, or otherwise) to the other party, it being understood that all parties need not sign the same counterpart. Any counterpart or other signature to this Supplemental Consent Order that is delivered by any means shall be deemed for all purposes as constituting good and valid execution and delivery by such party of this Supplemental Consent Order.

38. Defendants understand that the terms of the Supplemental Consent Order are enforceable through contempt proceedings, and that, in any such proceedings they may not challenge the validity of this Supplemental Consent Order.

There being no just reason for delay, the Clerk of the Court is hereby directed to enter this *Supplemental Consent Order Assessing Restitution Against Defendants Cornerstone Capital Management, LLC And Joseph T. Profit II And A Civil Monetary Penalty Against Defendant Joseph T. Profit II.*

IT IS SO ORDERED on this 30th day of August, 2012.

_____
UNITED STATES DISTRICT JUDGE

15

CONSENTED TO AND APPROVED BY:

_[signature]_

Joseph T. Profit II, on behalf of
Cornerstone Capital Management, LLC
3650 Ashford Dunwoody Road
Unit 928
Atlanta, Georgia 30319

_[signature]_

Joseph T. Profit II, individually
3650 Ashford Dunwoody Road
Unit 928
Atlanta, Georgia 30319

Date: 5 July 2012

_[signature]_

John Einstman (*pro hac vice*)
U.S. Commodity Futures Trading Commission
1155 21st Street, N.W.
Washington D.C. 20581
Phone: 202-418-5337
Facsimile: 202-418-5124
Email: jeinstman@cftc.gov

Dated August 27, 2012

16